Swing, J.
This is an action in qtio warranto and ouster, heard on demurrer to the petition.
On April 7, 1892, the legislature of Ohio passed an act creating a joint sub-school district out of Morgan and Riley townships in Butler county, to be known as the St. Charles joint sub-district. The act provided that said joint sub-district shall be subject to and controlled by the laws of the state of Ohio governing joint sub-school districts.
The petition, after setting out this said act of the legislature, goes on to say that said act is unconstitutional in this that it violates sec. 2, art. 6, and sec. 26, art. 2, and also sec. 1, art. 13, of the constitution of the state of Ohio.
It further alleges that the Board of Education of Riley Township, acting under said act, and without the consent of the Board of Education of Morgan township, and without authority of law, have certified a tax levy on lands in said township for $1,760, and further certified the estimated cost of schoolhouse, lot and furniture of $2,500, and that the enumeration of said district was twenty, twelve in Morgan and eight in Riley townships.
And, without authority of law, advertised for bids for a school-house to be built on a lot selected by said board, and, against the protest of said relator, accepted a bid and entered into a contract to build and furnish said school-house, to be oompleted by August 13, 1892, and said board, it is alleged, unlawfully claims the right to pay for the same, and to support said school out of the tax levy on property in Morgan township.
*154 And plaintiff further says that on April 7, 1892, there was no school-house in said joint sub-district, and that said Board of Education of Riley Township, and said other defendants, unlawfully claim the right to exclude the relator from any control over the scholars and the territory lying in Morgan township.
That acting under said special act, but unlawfully and without consent of relator, a pretended election was held in said joint sub-district, by which the said defendants were elected directors of said district, and said defendant S. Fye was elected clerk; that said election was null and void, and that said defendants usurp the powers of directors of said district in employing teachers, levying taxes, etc., to the injury of relator.
Therefore the relator prays that the Board of Education of Riley Township show by what authority of law it levies said tax and claims the right to build and pay for said school-house,' and that said directors be ousted.
It will be noticed that there are two classes of defendants in this action, viz., The Board of Education of Riley Township and S. Fye, S. Bagsdile and J. Hawk, directors of said sub-school district. The prayer of the petition is that said board of education show cause why they exercise certain rights, and that they be ousted from the same, and that said defendants Fye, Ragsdile and Hawk, directors, show cause why they act as said directors, and that they be ousted.
It seems to us that if the plaintiff is entitled to relief against all of the defendants, that there are separate causes of action stated in the petition. There is no connection or relation between the two sets of parties in the reliefs asked against them, and if so, separate causes of action against several defendants are improperly joined.
See High’s Extraordinary Remedies, sec. 704; but this should have been taken advantage of by a specific demurrer under our code, and would come under the seventh cause of demurrer. Sec. 5062, Revised Statutes.
*155 Does the petition state a cause of action against either of the defendants?
First — Is there one stated against the Board of Education of Riley Township ?
The judgment in quo warranto must be one of ouster. High’s Extraordinary Remedies, sec. 644. There can be no ouster, so far as the office of this board is concerned. It is the creature of state, and under sec. 3971, Revised Statutes, is a body corporate, capable of suing and being sued, and clearly no cause of action would lie under sec. 6761, Revised Statutes. It is not such a corporation as is there contemplated. These boards are the agents of the state for the'purpose of carrying on the affairs of the state, and the courts have no power to do away with them. Quo warranto would lie against individuals claiming to hold the office under section 6760, Revised Statutes, but not against the office itself. Such a body has no franchise. See Bouvier’s Dictionary, vol. 1, p. 611, for a definition, of the word. Certain rights and duties by law are conferred on these bodies, but they are not in the nature of franchises. See 38 Ohio St. pp. 61 — 62.
High’s Ex. Rem., section 618, says : Since the remedy by quo warranto, or information in the nature thereof, is only employed to test the actual right to an officer or franchise, it follows that it can afford no relief for official misconduct, and can not be employed to test the legality of the official action of public or corporate officers. * * *. So when a public officer threatens to exercise powers not conferred upon him by law, or to exercise the functions of his office beyond its territorial limits, the proper remedy would seem to be by injunction * *
Such was evidently the view taken of the matter by our legislature when our code was enacted,' by which it has very carefully provided for what judgments shall be rendered where a cause of action in quo warranto has been made out. There are no provisions which would apply to any judgment in this case against the Board of Education of Riley Township.
*156 Is there a cause of action stated against Fye, Ragsdile and Hawk ?
It is claimed that the act contravenes sec. 2, art. 6, and sec. 26, art. 2, and sec. 1, art. 13, of the constitution of the state of Ohio.
The decisions found in 38 Ohio St. 54, and 46 Ohio St. 275, taken together, it seems to us, clearly settle these questions, and leave no room for argument as far as this court is concerned. Such an act as this is there clearly decided not to be unconstitutional.
Having found that there is no cause of action against the Board of Education of Riley Township, and that the law creating the sub-district is constitutional, the only question remaining is the one as to whether or not the said Fye, Ragdile and Hawk were duly elected directors; or, in other words, are they entitled to act as directors ?
The further allegation that said defendants “wrongfully and illegally usurp and claim the power to employ a school teacher * * and to pay the expenses of such school * * and to take from Morgan township ten of its scholars, and otherwise interfere with the control of relator over said district, necessarily depends upon the question whether or not said defendants have been legally elected as directors of said board, for, as we have already found, if they are legally directors of the, district, quo warranto is not a proper remedy, where the thing complained of is the doing of some act not authorized by law.
The allegation of the petition in regard to the election of these directors is: “ Second — Relators further specify that acting solely under said special act of April 7, 1892, but unlawfully and without the consent of relator, a pretended election was held in said St. Charlesjoint sub-district on the 17th day of April, 1892, by which the defendants Fye and Hawk, citizens of Riley township, and Ragsdile of Morgan township, were elected directors of said St. Charles sub-district, and said Fye was elected clerk of said sub-district, and relator says that *157 said pretended election was null and void, and that said Fye, Ragsdile and Hawk have illegally and without authority of law usurped and do usurp the authorities and power of directors of said St. Charles joint sub-district.”
Thomas Mittikin, for relator.
Hume, Morey, Andrews & Morey, and Edward E. Hull, for defendants in.error.
The allegations of fact in the foregoing are :
First — That acting under said act on the 17th day of April an election was held for directors.
Second — That said defendants were elected directors; and
Third — That said defendants exercise the power of directors.
The act being constitutional, the only other question is whether, under the law, an election might be held for said directors, for no complaint is made as to the manner or form of the election.
The act itself says that “ said joint sub-district shall be subject to and controlled by the laws of the state of Ohio governing joint sub-school districts.”
This provision of the act is in accordance with the general provision of sec. 3921 Rev. Stat.
There is no general provision of our statute which in terms provides for the election of directors in joint sub-districts created by special acts of the legislature, but the legislature having created the district, if there is any provision by which directors may be elected, it should be given effect, for the legislative intention must be, that having passed the act, it must not fail for want of directors. We see no reason therefore why sec. 3949 Rev. Stat. should not apply so far as applicable. Here an election of directors was held within twenty days after the creation of the district, and the presumption is that proper notice was given. Therefore these directors must be held to be properly directors of this joint sub-district.
It follows from the foregoing that the demurrer to the petition must therefore be sustained, and unless further pleas are desired, the petition will be dismissed.